## INITIATIVE PETITIONS In re

Common Pleas Court, Hamilton Co

Decided September 29, 1939

Carl W. Rich, prosecuting attorney, and Walter M. Locke, asst. prosecuting attorney, Cincinnati, for —.

Herbert S. Bigelow, Cincinnati, protesting member of the committee on petitions.

## OPINION

By SCHWAB, J.

This matter is before the court upon the application of the board of elections of Hamilton county, asking the court to determine the sufficiency or insufficiency of the signatures attached to certain petitions, seeking to initiate amendments to the Constitution of the state of Ohio on the subject of Old Age Pensions, there having been filed with the board of elections on the 11th day of September, 1939, a protest by Herbert S. Bigelow.

Article II, Sec. 1a, of the Constitution of Ohio reads as follows:

"The first aforestated power reserved by the people is designated the initiative, and the signatures of ten per centum of the electors shall be required upon a petition to propose an amendment to the constitution. When a petition signed by the aforesaid required number of electors, shall have been filed with the secretary of state, and verified as herein provided, proposing an amendment to the constitution, the full text of which shall have been set forth in such petition, the secretary of state shall submit for the approval or rejection of the electors, the proposed amendment, in the manner hereinafter provided, at the next succeeding regular or general election in any year occurring subsequent to ninety days after the filing of such petition. The initiative petitions, above described, shall have printed across the top thereof: 'Amendment to the Constitution Proposed by Initative Petition to be Submitted Directly to the Electors.'"

Sec. 4785-176 provides for the form of the petition to be used in seeking to initiate an amendment to the Ohio Constitution. In this form it is provided that voters residing in municipalities should fill in the information called for by the headings printed below:

Signature County City Street & Ward
                    Village     Number
Precinct Mo. Day Year

This action is taken by the Board of Elections pursuant to the provisions of §§4785-178 and 4785-179.

Sec. 4785-178 reads as follows:

"Whenever any such petition shall have been filed with the secretary of state he shall forthwith separate the parts by counties and transmit such

parts to the boards in the respective counties. The several boards shall proceed at once to ascertain whether or not such names are on the registration lists of a registration city, or on the polling lists of such county, or are eligible to vote in such county, and to determine any repetition or duplication of signatures, the number of illegal signatures and the omission of any necessary details required by law. The board shall make note opposite such signatures, submit a report to the secretary of state indicating the sufficiency or insufficiency of such signatures; and notify the committee having charge of the soliciting of such signatures in case the petitions are found insufficient."

Sec. 4785-179, insofar as it relates to the case at bar, reads as follows:

"If the circulator of any such part of a petition or any elector or committee interested in such petition file with the board a protest against the board's findings, then the board shall proceed to establish the sufficiency or insufficiency of such signatures in an action before the Common Pleas Court in the county, which must be brought within three days after the protest has been filed, and the case shall be heard forthwith by a judge of such court whose decision shall be certified to the board. * * *"

It will be observed that under the provisions of §4785-179 the board is required to establish the sufficiency or insufficiency of such signatures in an action before the Common Pleas Court. By the terms of §11237 the legislature of Ohio has defined "action" as follows:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

The court, therefore, is in doubt whether or not the proceeding before it is an action as defined by the legislature, for the reason that no party is made defendant. However, upon the call of this case the board of elections appeared through its counsel, the prosecuting attorney of Hamilton county, and Herbert S. Bigelow, the protester, voluntarily appeared, and the prosecuting attorney and Herbert S. Bigelow presented to the court an agreed statement of facts, which reads as follows:

"It is hereby agreed between the board of elections of Hamilton county, Ohio, and Herbert S. Bigelow, protesting member of the committee on petitions, that the checking of the signatures by the board of elections and the tabulation thereof is substantially correct; that there are no questions of fact involved to be submitted to the court.

The only questions submitted to the court by Mr. Bigelow, as protester, as shown by his protest to the Board of State Deputy Supervisors of Elections of Hamilton county, Ohio, which is attached hereto, are as follows:

1. Are those signatures valid on said petitions where the signer thereof lives in the ward and precinct in which he is registered, but has changed his place of residence within the precinct and the change of residence has not been transferred on the register?

2. Are those signatures valid on said petitions where the signer thereof lives in the ward and precinct in which he is registered, but the ward and precinct noted on the petition is different than the one in which he actually lives and in which he is registered?"

There was no other testimony offered at the hearing, nor were the petitions themselves submitted to the court, so the court will treat the entire proceeding as in the nature of a request for a declaratory judgment, and proceed to give its opinion as to the law governing the two questions presented to the court in the agreed statement of facts.

It will be observed that in the two questions propounded the signer of

each petition was registered as an elector of Hamilton county, Ohio.

In the first question he has changed his residence within the precinct but has not made the transfer on the records of the board of election.

In the second question he has registered where the petition recites that he lives, as to street and number, but upon the petition the ward and precinct given for his residence is different than the one in which he actually lives and in which he is registered.

The prosecuting attorney informed the court that in his opinion the protests of Herbert S. Bigelow are well taken in view of his idea of the law.

Sec. 4785-34 provides for the registration of all qualified electors of every city having a population of 16,000 or over, and the closing paragraph of this section provides as follows:

"No person residing in any registration precinct shall be entitled to vote at any election, or to sign any declaration of candidacy, nominating, initiative, referendum or recall petition, unless he is duly registered as an elector in the manner provided herein."

Sec. 4785-35 sets forth the qualifications to register and reads as follows:

"Each person, who will be of the age of twenty-one years or more at the next ensuing November election, who is a citizen of the United States, and who, if he continues to reside in the precinct until the next election, will at that time have fulfilled all the requirements as to length of residence to qualify him as an elector shall, unless otherwise disqualified, be entitled to be registered as an elector in such precinct. When once registered in accordance with this act, an elector shall not be required to register again unless his registration is cancelled for reasons as hereinafter provided."

Sec. 4785-42 sets forth in detail the contents of the registration form and provides:

"The registration forms shall contain spaces for inserting the following information concerning applicant for registration:

"1. The full name, including the first and last names and middle name, if any. In the case of married women the christian name of said woman shall be entered prefixed by the word 'Mrs.' In the case of a single woman the christian name shall be prefixed by the word 'Miss'.

"2. The place of residence and post-office address including the name of the street and street number. if any. If the applicant resides in a hotel, apartment or tenement house, or institution, then such additional information shall be included as will give the exact location of said applicant's place of residence.

"3. The applicant's statement that he is over twenty-one years of age; or that he will be twenty-one years of age on or before the day of the next general election; that he is a citizen of the United States and the state of Ohio; that he has resided in the state for at least one year, in the county thirty days and in the precinct twenty days."

The balance of the section gives the form of oath to be taken by the applicant and the registration form set out in the statute itself, and in this form, in addition to the street address, exact location of apartment, the floor, etc. is provided a space for the ward and precinct.

In the case of **State ex rel Schroy v Wagner, et,** reported in **127 Oh St 174,** Judges Allen, Bevis, Jones and Matthias were of the opinion that an elector otherwise qualified whose name appears upon the permanent registration list, may sign a petition for nomination, although at the time he has not transferred his registration in the permanent list.

This case in the opinion of the court is authority warranting this court in answering the first question propounded in the affirmative.

As to the second question, the court can find no direct authority, but is im-

pressed with the liberal view taken by all of the courts in construing the election laws so as to protect the right of each elector to function as such under the Constitution and the law.

In the case of **Sufficiency of Signatures to a Referendum Petition,** in 18 O. N. P. (N. S.) p. 140, the court held (Syllabi 1 and 2):

"The constitutional provision that the names of all signers of referendum petitions shall be written in ink, is substantially complied with by the use of an indelible pencil, and an objection to the sufficiency of such signatures on the ground that they are written with an indelible pencil does not lie.

"2. The requirement that the name of a signer of a referendum petition be written by himself is absolute; the date of signing and the residence of the signer are material, but may be filled in by another."

In answering the second question the court will take into consideration the general practice in the circulation of petitions of permitting a third person to write in the petition the ward and precinct where the signer lives. It is common knowledge that a large number of our citizens are unacquainted with the letter of the precinct in which they reside, and a large number likewise are unacquainted with the number of the ward in which they reside.

The purpose of the statute requiring the residence as to street and number, ward and precinct to be set forth in the petition is to facilitate the work of the board of election in determining the sufficiency or insufficiency of the signatures on such petitions, but where the residence of the signer to a petition is clearly set forth upon the petition and that residence as to street and number is the same street and number appearing upon the registration list, and the board of election, having before it the permanent registration card, so that it has the means of identifying the signature on the petition, and is convinced that the individual whose signature is in question is properly registered, in the opinion of the court, the board of election is not justified in holding as invalid such signatures where through error or mistake the wrong ward number and the wrong precinct letter have been inserted in the petition.

An entry may be prepared setting forth the views of the court and directing the clerk of this court to certify its judgment to the board of elections of Hamilton county, Ohio.